UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVA FORBA, as Guardian | : | **CIVIL NO. 1:07-CV-2158** |
| of Domenic Hoffman-Demanno, | : | |
| | : | (Judge Caldwell) |
| Plaintiff | : | |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | | |

## REPORT AND RECOMMENDATION

The plaintiff, Eva Forba, has brought this civil action under the authority of 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff's son for Social Security Supplemental Security Income.

An earlier claim by Domenic Hoffman-Demanno was denied by the Commissioner, and this court in M.D. Pa. Civil No. 1:04-CV-1385 concluded that the Commissioner's decision was supported by substantial evidence.  *See* Report and Recommendation dated February 8, 2005.

On December 2, 2004, the plaintiff applied for Supplemental Security Income benefits on behalf of Domenic Hoffman-Demanno, her minor son.  The plaintiff alleges that he has been under a disability since January 1, 2000 as a result of oppositional defiant disorder, attention deficit hyperactivity disorder, acid reflux and a sleeping disorder.

After an initial denial of the plaintiff's claim, two hearings were held before an administrative law judge (ALJ) on March 22, 2007 and June 19, 2007.  (Tr. 217-224, 225-258).[1]  On August 3, 2007, the ALJ issued a decision denying the application of the plaintiff for benefits. (Tr. 14-25).  The Commissioner's Appeals Council denied the plaintiff's request for review (Tr. 11-12); therefore, the ALJ's decision is the final decision of the Commissioner.

At the hearing on June 19, 2007 the minor child, and his mother, the plaintiff, testified.  His testimony and hers are accurately summarized by the ALJ.  (Tr. 18-19).

---

[1] Testimony was not presented at the earlier hearing.

2

The plaintiff filed this complaint, *pro se*, with this court on November 27, 2007.  On February 4, 2008, the defendant filed an answer to the complaint along with a copy of the administrative record.  Pursuant to Local Rules 83.40.4 and 83.40.5 the plaintiff filed her brief entitled "Plaintiff's Brief in Support of Objections to Magistrate's Report" on March 27, 2008 and the defendant filed his brief on April 24, 2008. No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1998).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict around the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately

3

developed factual record, substantial evidence may be
"something less than the weight of the evidence, and the
possibility of drawing two inconsistent conclusions from the
evidence does not prevent [the decision] from being supported
by substantial evidence." *Consolo v. Federal Maritime Comm'n*,
383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under
the substantial evidence standard, the Commissioner's decision
must be accompanied by "a clear and satisfactory explication of
the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700,
704 (3d Cir. 1981).  Conflicts in the evidence must be resolved
and the Commissioner must indicate which evidence was accepted,
which evidence was rejected, and the reasons for rejecting
certain evidence. *Id.* at 706-707.  In determining if the
Commissioner's decision is supported by substantial evidence
the court must scrutinize the record as a whole. *Smith v.
Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

Congress in 1996 altered the statutory disability
standard for children seeking SSI. Pub.L. No. 104-193
(August 22, 1996).  Section 211(a)(4) of the 1996 legislation,
codified at 42 U.S.C. § 1382c(a)(3)(C)(I), provides:

4

> An individual under the age of 18 shall be
> considered disabled for the purposes of this
> title if that individual has a medically
> determinable physical or mental impairment,
> which results in marked and severe
> functional limitations, and which can be
> expected to result in death or which has
> lasted or can be expected to last for a
> continuous period of not less than 12
> months.

Pub.L. No. 104-193 § 211(a)(4).


The rules applicable to a child alleging disability prescribe a three-step sequential evaluation under which the Administrative Law Judge must consider:  (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a mentally determinable impairment (physical or mental) or combination of impairments that is severe; (3) whether the child's impairment(s) meets, medically equals, or functionally equals in severity any of the listed impairments at 20 C.F.R. § 404, Subpt. P, App. 1. *See* 20 C.F.R. § 416.924(a).


A child meets the listing if the specific findings detailed within the description of a listing exist with respect to that child's diagnosis. 20 C.F.R. § 416.924(d)(1).  A child medically equals a listing if the medical findings with respect to the child's impairments are at least equal in severity and duration to

5

the listed findings. 20 C.F.R. § 416.926(a).  A child functionally
equals a listing when he has a severe impairment that results in
"marked" limitations in two domains of functioning or in an
"extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

There are six domains of functioning used in determining
functional equivalence: (1) acquiring and using information; (2)
attending to and completing tasks; (3) interacting and relating
with others; (4) moving about and manipulating objects; (5)
ability to care for oneself; and (6) health and physical well
being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi).  A marked limitation in
a domain is found when an impairment interferes seriously with a
plaintiff's ability to independently initiate, sustain, or
complete activities. 20 C.F.R. § 416.926a(e)(2).  A marked
limitation is more than moderate but less than extreme. *Id.*  An
extreme limitation in a domain is found when the impairment
interferes "very seriously" with a plaintiff's ability to
independently initiate, sustain, or complete activities.
20 C.F.R. § 416.926a(e)(3).  An extreme limitation is more than
marked and is a description given to the worst limitations. *Id.*
An additional factor which is considered in determining functional
equivalence is whether or not the activities of the child

6

asserting disability are typical of other unimpaired children of the same age. 20 C.F.R. § 416.926a(b)(2).

The ALJ determined that Domenic has no limitations that are extreme or marked, and that there is one less than marked limitation.

The plaintiff argues that the defendant failed to properly consider and discuss psychological testing results.  The plaintiff's brief uses inapplicable or erroneous record citations, causing it to be impossible to follow the plaintiff's arguments.

The plaintiff argues that the defendants did not fully develop the record and that, in particular, a medical expert should have been presented by the defendant at the ALJ hearing. The plaintiff fails to present a factual or a legal basis for the contention that a medical expert's testimony was needed.  The record establishes that Domenic has little problem with school, but has a history of angry exaggerated responses in the home environment.  (Tr. 175).  The record also establishes that there is a need for appropriate parental child management strategies in the home.  (Tr. 176).  The medical evidence upon which the ALJ relied was adequate, and the necessity for there to have been a

7

testifying medical expert is not shown.  Nor is it shown that the
ALJ did not fully and fairly develop the record.

The ALJ found a "well behaved and motivated student who is
doing well," with friends, with no limitation in acquiring and
using information, no limitation in attending and completing
tasks, less than a marked limitation in interacting and relating
to others, no limitation in moving about and manipulating objects,
no limitation in the ability to care for himself, and no
limitation in health and physical well-being.  The transcript of
the June 19, 2007 hearing (Tr. 227-258) supports the findings.

The plaintiff's brief puts forth in asserting that the
record would support findings of marked or extreme impairments,
matters such as that Domenic, a fourth grader, while he likes to
play baseball, did not know the name of the position that he
plays.[2]  The ALJ who was the fact finder, did not draw the same
inferences as the plaintiff is advocating, but that of itself does

---

[2]  The plaintiff's brief uses incorrect page references to the
transcript.

8

not mean that the ALJ did not base the decision on substantial evidence.

It is recommended that the plaintiff's appeal be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  May 27, 2008.